# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 95-40757
### Summary Calendar
_____

**MIGUEL RIOS, III,**

Plaintiff - Appellant,

**versus**

**JAMES T. HICKEY, Sheriff of Nueces County, Texas;
ROBERT BARNES, County Judge**,

Defendants - Appellees.

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (C-94-CV-99)
_____

March 22, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Miguel Rios, III, *pro se* and *in forma pauperis*, appeals the dismissal of his 42 U.S.C. § 1983 action. We AFFIRM.

### I.

Rios claimed that the defendants, while holding Rios in protective custody, negligently failed to protect him from injury by inmate gang members. He claimed also that he was injured due to the negligence of the defendants in failing to protect him from another such incident during his incarceration two years later.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Citing both FED. R. CIV. P. 41(b) and 28 U.S.C. § 1915(d), the district court dismissed the action with prejudice.[1]

## II.

### A.

We review § 1915(d) dismissals for abuse of discretion. *E.g.*, ***Booker v. Koonce***, 2 F.3d 114, 115 (5th Cir. 1993).

In the district court, Rios failed to allege any conduct by the defendants rising above mere negligence. *See, e.g.,* ***Daniels v. Williams***, 474 U.S. 327 (1986) (due process clause not implicated by negligent acts of state officials). Moreover, he failed to allege any personal involvement by the presently named defendants. *See* ***Thompson v. Steele***, 709 F.2d 381, 382 (5th Cir.) (holding personal involvement to be essential element of civil rights action), *cert. denied*, 464 U.S. 897 (1983). Finally, Rios failed to allege a policy or custom on the part of the county. ***Colle v. Brazos County, Texas***, 981 F.2d 237, 244 (5th Cir. 1993). In sum, Rios' claim of constitutional injury lacks any basis in law. ***Booker v. Koonce***, 2 F.3d at 115.[2]

---

[1] Rios failed to comply with the district court's January 10, 1995, order requiring him to file an amended complaint by February 6, 1995. His eventual response was four months late.

Although the district court cited Rule 41(b) as a basis for its dismissal, on appeal Rios failed to address the issue of dismissal for failure to prosecute. The issue is waived. ***Brinkman v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987) (if appellant fails to address issue in brief, issue deemed abandoned). In any event, we address § 1915(d).

[2] Rios asserts also that the district court abused its discretion by refusing to acknowledge Rios' request that service of process be made. Rios refers to letters that are not in the record. Similarly, the motion for service of process attached to

B.

Rios asserts that the district court abused its discretion in dismissing the complaint without allowing him to conduct discovery. He attached to his appellate brief proposed discovery requests which would address, for the first time on appeal, a different factual basis for his claim, namely that the defendants acted deliberately, rather than negligently.

Because Rios was given ample opportunity to develop the factual basis of his claim in district court, he is not entitled to further discovery or to amend his complaint now. *See* **Macias v. Raul A. (Unknown) Badge No. 153**, 23 F.3d 94, 98 n.5 (5th Cir.), *cert. denied*, __ U.S.__, 115 S. Ct. 220 (1994). Rios' claims in the district court were limited to allegations of negligence. In reviewing the district court's dismissal, our court is "not free to speculate that the plaintiff `might' be able to state a claim if given yet another opportunity to add more facts to the complaint". **Macias**, 23 F.3d at 97.[3]

---

Rios' brief was never filed in the district court.

Even if the request for service of process had been made properly, the district court would have acted within its discretion in dismissing the suit as frivolous before incurring the cost of serving process on the defendants, the court having found the claims to be frivolous. *See* **Spears v. McCotter**, 766 F.2d 179, 181 (5th Cir. 1985) (holding that *pro se* defendants may be required to provide more definite statement of substance of claim *before* service of process is required).

[3]    Because we affirm the dismissal of Rios's action, we also **DENY** as moot his motion to appoint counsel.

III.

For the foregoing reasons, the judgment is

**AFFIRMED**.